ROBERT B. BAIRD v. PATRICK SHEA, SUPERVISOR OF
THE TOWNSHIP OF COTTRELLVILLE.

*Statutes—Alteration of school-districts—Misdescription of lands.*

Act No. 382, Local Acts of 1891, which detaches certain territory
from graded school-district No. 1 of the township of Cottrell-
ville, in the county of St. Clair, and attaches it to school-
district No. 7 of the same township, is not void because of a
mistake in the description of the land detached, namely, desig-
nating a section as fractional when not so, and a private claim
as No. 198, when it should be "598," there being no private
claim other than No. 598 in the district.

*Mandamus.* Submitted November 17, 1891. Denied
November 18, 1891.

Relator applied for *mandamus* to compel respondent to
assess certain land for school purposes. The facts are
stated in the opinion.

*Atkinson, Vance & Wolcott,* for relator.

*A. E. Chadwick,* for respondent.

PER CURIAM. Relator files this petition as director of
Union school-district of Marine City, to compel respond-
ent to assess 1,300 acres of land lying outside the city
limits, for school purposes, as belonging to said district.

The city of Marine City was organized under Act No.
500, Local Acts of 1887. Section 3 of the act provides
that—

"The said city of Marine City shall, in all things
not herein otherwise provided, be governed, and its pow-
ers and duties defined and limited, by an act entitled
'An act for the incorporation of cities,' being act num-
ber one hundred and seventy-eight of the session laws of

88 MICH.—25.

eighteen hundred and seventy-three: \* \* \* *Provided,* that chapter twenty-eight of said act number one hundred and seventy-eight, entitled 'Education,' shall not form any part or portion of the charter of said city of Marine City, nor have force or effect therein: *And provided, further,* this act shall not be construed as in any way changing or interfering with the school-districts of the present township of Cottrellville, in said county of St. Clair, as now organized: *And provided, further,* that the said city of Marine City shall in all respects have the same power, duty, and authority within its territory, in all matters pertaining to the primary school laws of this State, that townships now have under the provisions of law."

· The territory forming the city, which was formerly a duly-organized village, was in school-district No. 1 of the township of Cottrellville. Some 1,300 acres of land outside the city limits were included in this school-district, and remained within the district after the organization of the city. In 1891 the Legislature passed an act (No. 382) entitled—

" An act to detach certain territory from graded school-district No. 1 of the township of Cottrellville, in the county of St. Clair, and attach the same to school-district No. 7 of the township of Cottrellville, St. Clair county."

The territory detached by this act was described in it as section No. 2, fractional, section No. 11, and all that portion of private claim No. 198 of township 3 N., range 16 E., within the limits of said district No. 1, and was assessed by respondent in district No. 7.

Section 1 of chapter 28 of the act providing for the incorporation of cities (How. Stat. § 2739) provides that school-districts therein shall be a body corporate by the name and style of the " Public Schools of the City of ———." By the express provisions of the act incorporating the city of Marine City, that city is exempted from the provisions of chapter 28. The argument of

counsel for relator, therefore, based upon that chapter, does not apply.

The relator describes himself as " the director of Union school-district, constituting the city of Marine City." The record gives us no information as to how this title was obtained, or how the district was organized. Under this record, and the act above referred to, we must assume that the districts remained the same, both as to designation and boundaries, as they did before the passage of the act incorporating Marine City.

There is no such land as private claim No. 198; it should have been 598; and it is also claimed that there is no fractional section 2, but it is complete section 2. Relator claims that these misdescriptions render the act void. It is not claimed that there is any private claim within the district known as " Private Claim No. 198," nor any other private claim than the one numbered 598. We think it was clearly understood what lands were meant, and in fact were included, in the act.

It follows that the petition must be denied.